**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49423**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 10, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NICHOLAS H. IASONIDES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Judgment of conviction and sentence for sexual abuse of a child under sixteen, order relinquishing jurisdiction, and order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Nicholas H. Iasonides pled guilty to sexual abuse of a child under sixteen years of age, Idaho Code § 18-1506(1)(b). The district court imposed a unified sentence of fourteen years, with a minimum period of incarceration of four years. The district court retained jurisdiction and Iasonides was sent to participate in the rider program. After Iasonides completed his rider, the district court relinquished jurisdiction. Iasonides filed an Idaho Criminal Rule 35 motion, which the district court denied. Iasonides appeals, claiming the district court erred by imposing an excessive sentence, relinquishing jurisdiction, and denying his Rule 35 motion.

1

Iasonides contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). The record does not indicate that the district court abused its discretion in sentencing

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case demonstrates that the district court properly considered the information before it and determined that probation was not appropriate; thus, Iasonides has failed to show that the district court abused its discretion in relinquishing jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Iasonides' I.C.R. 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Iasonides' I.C.R. 35 motion is affirmed.

Iasonides' judgment of conviction and sentence, the order relinquishing jurisdiction, and the order denying Iasonides' Rule 35 motion are affirmed.